UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
DAVID ROBINSON,

                                    Plaintiff,                          9:08-CV-0911

          v.

NYS DEPARTMENT OF CORRECTIONAL SERVICES;
MR. HEAL, Correction Officer; MR. SCOTT, Correction
Officer; MR. CHENNEHAM, Correction Officer; MS. DUNHAM,
Correction Officer; *et al.*,

                                    Defendants.
_____
APPEARANCES:

DAVID ROBINSON
Plaintiff, *pro se*

THOMAS J. McAVOY, SENIOR JUDGE

**DECISION AND ORDER**

     Plaintiff David Robinson commenced this civil rights action on August 25, 2008, asserting

numerous claims arising out of his confinement at Wallkill Correctional Facility.  Dkt. No. 1.[1]

Plaintiff claims, *inter alia*, that defendants interfered with his legal mail; conducted unwarranted

and improper cell searches and body searches, and filed false misbehavior reports against him in

retaliation for his having filed grievances seeking redress of his claims.  *Id*. at 5-18.

     By Order of this Court filed September 16, 2008, plaintiff's *in forma pauperis* application

was granted.  Summonses have not yet been issued for the defendants because plaintiff has not

provided the Clerk of the Court with the documents required for service of process.  *See* Dkt. No. 4.

     Plaintiff has now filed a further pleading styled as an "amended complaint" and a motion for

a temporary restraining order.  Dkt. Nos. 6, 7.  The pleading names as additional defendants the

_____

     [1]  Plaintiff is presently confined at Queensboro Correctional Facility.  Dkt. No. 9.

State of New York and the Chairman of the New York State Division of Parole.  Dkt. No. 6.

Plaintiff seeks to challenge the terms and conditions established by the Division of Parole to govern

his term of "condition/supervised release."  *Id.* at 2.[2]  Plaintiff claims that the establishment and

imposition of conditions of post-release supervision is a judicial function which New York state has

impermissibly delegated to the Division of Parole.  *Id.* at 2-3 and Ex. A.[3]  Plaintiff seeks

compensatory and punitive damages, a declaratory judgment voiding the conditions of post-release

supervision, and an injunction prohibiting plaintiff's arrest "on his October 24, 2008, release date

for refusing to concede to any/all quasi-judicial imposition of conditions of his release."  *Id.* at 10.

The amendment and supplementation of pleadings is governed by  Rule 15 of the Federal

Rules of Civil Procedure and Rule 7.1(a)(4) of the Local Rules of Practice for the Northern

District.[4]  Rule 15(a) states in relevant part that "[a] party may amend the party's pleading once as a

matter of course at any time before a responsive pleading is served...."  Fed. R. Civ. Proc. 15(a).

Local Rule 7.1(a)(4) provides that an amended pleading "must be a complete pleading which will

supersede the original pleading in all respects."  Where, as here, the plaintiff is proceeding *in forma*

---

[2]  According to the public website maintained by the New York State Department of Correctional Services (http://nysdocslookup.docs.state.ny.us.), plaintiff's conditional release date is October 24, 2008.

[3]  New York Penal Law § 70.45(3) authorizes the board of parole to "establish and impose conditions of post-release supervision in the same manner and to the same extent as it may establish and impose conditions in accordance with the executive law upon persons who are granted parole or conditional release..."  Plaintiff was convicted after a jury trial and sentenced to a five year term of imprisonment and five years of post-release supervision.  See Dkt. No. 6 at 2.

[4]  The decision to grant or deny a motion to amend or supplement a pleading pursuant to Rule 15 of the Federal Rules of Civil Procedure is committed to the sound discretion of the trial court, "and its decision is not subject to review on appeal except for abuse of discretion.'"  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citations omitted).

*pauperis*, the Court must also review an amended pleading in light of the factors set forth in 28 U.S.C. § 1915(e)(2)(B)(ii) (the court shall dismiss the case at any time if the action fails to state a claim on which relief may be granted).

The pleading submitted by plaintiff is not a complete pleading which amends and restates the original complaint in its entirety. Rather, the pleading sets forth only the alleged facts and causes of action related to the terms and conditions imposed by the Division of Parole, matters which are wholly unrelated to the claims in the original complaint and as to which relief is sought from entirely different defendants. See Dkt. No. 6. Thus, while styled as an "amended complaint," the pleading was not properly filed in this action pursuant to Federal Rule 15(a).[5]

Moreover, the Court finds that plaintiff's challenge to the terms and conditions of his supervised release may not properly be asserted in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's claim that the terms and conditions imposed on his release are unconstitutional and his request for injunctive relief releasing him without restriction is not cognizable under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("habeas corpus -- not a § 1983 action -- provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment ...."); *Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994). Plaintiff's claim for money damages is also barred. Because a judgment in favor of plaintiff would necessarily imply the invalidity of his sentence, and because he has not made the required showing that it has already been invalidated, the amended pleading fails to state a claim upon which relief may be granted. *See*

---

[5] The Court has also considered whether the pleading may properly be construed as a supplemental complaint and finds that it can not. See FED.R.CIV.P. 15(d). While it appears that plaintiff was notified of the terms and conditions of his release subsequent to the events complained of in his complaint, because these claims are not asserted against the defendants in the original complaint, the pleading is not a proper supplemental complaint.

*Heck v. Humphrey*, 512 U.S. 477 (1994).

Because plaintiff's pleading was not properly filed in accordance with Federal Rule 15 and Local Rule 7.1, and because his claim that the terms and conditions of his release were improperly imposed and are, therefore, invalid is not cognizable in this action, the Clerk of the Court is directed to strike the "amended complaint" from the docket in this action.

In light of the foregoing, plaintiff's motion for a temporary restraining order prohibiting the imposition of terms and conditions of conditional release is denied.

WHEREFORE, it is hereby

ORDERED, that plaintiff's "amended complaint" (Dkt. No. 6) is ordered stricken from the docket, and it is further

ORDERED, that plaintiff's motion for a temporary restraining order (Dkt. No. 7) is denied, and it is further

ORDERED, that if plaintiff intends to proceed with the claims in his original complaint he must provide copies thereof together with completed USM-285 forms for service on the defendants **no later than October 31, 2008**, and it is further

ORDERED, that the Clerk serve a copy of this Order on plaintiff.

IT IS SO ORDERED.

Dated:   October 8, 2008

Thomas J. McAvoy
Senior, U.S. District Judge